IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIO ALVAREZ,

    Movant,

vs.                                                  No. CV 16-00930 RB/LAM
                                                   No. CR 12-03186 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Mario Alvarez's Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 in Light of Johnson v. United States, 135 Ct. 2251 (2015) ("Motion"). (CV Doc. 1; CR Doc. 101). Also pending before the Court is Alvarez's Motion and Request for Appointment of Counsel. (CV Doc. 2; Cr. Doc. 102). The Court will dismiss the § 2255 Motion as untimely and will deny the Motion for appointment of counsel as moot in light of the dismissal.

A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). It appears on the face of Alvarez's Motion that the motion was not filed within one year as required by 28 U.S.C. § 2255(f). Therefore, on October 31, 2016, the Court ordered Movant Alvarez to show cause why the Motion should not be dismissed as untimely. (CV Doc. 5; CR Doc. 106). Alvarez filed a response to the Court's Order on November 17, 2016. (CV Doc. 6; Cr Doc. 108). Alvarez does

not present any basis to excuse the late filing of his § 2255 Motion or toll the one-year statute of limitations.  Therefore, the Court will dismiss his § 2255 Motion as time-barred. Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Alvarez was sentenced and judgment was entered on May 9, 2014.  (CR Doc. 77). Alvarez did not appeal from the judgment of conviction. Alvarez filed a § 3582 motion to reduce sentence on December 31, 2014, which was denied by the Court. (CR Doc. 80, 93).  However, the motion to reduce sentence does alter or toll the running of the one-year limitation period of § 2255(f)(1).  *See United States v. Terrones-Lopez*, 447 Fed.App'x 882, 884-85 (10th Cir. 2011). Alvarez's judgment of conviction became final in May, 2014.  *Clay v. United States*, 537 U.S. 522, 524 (2003).

Alvarez contends that, because he is seeking collateral review of his sentence under *Johnson v. United States,* under § 2255(f)(3) the one-year time period should run from the June 26, 2015 date of the Supreme Court's decision in *Johnson.*  However, Alvarez's Motion was not

2

filed until August 15, 2016, almost two months after the deadline for seeking relief under *Johnson.* Alvarez's § 2255 Motion is untimely on its face and on the actual record. Although given the opportunity, Alvarez has not made any showing that the limitation period should run from a different date or that circumstances exist to toll the running of the statute of limitations. *See* 28 U.S.C. § 2255(f) (1), (2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000).

In his Response to the Court's Order to Show Cause, Alvarez seeks the benefit of the prison mailbox rule, claiming that he "placed the petition in the hands of BOP officials at FCI Victorville Medium #1 for postal delivery to this court on June 26, 2016." (CV Doc. 6 at 2; CR Doc. 108 at 2). The general rule is that a document is deemed filed with the Court on the date that the document is received by the Clerk of the Court. *See* Fed.R.Civ.P. 5(d)(2); Fed.R.Crim.P. 49(d). A prisoner such as Movant Alvarez may take advantage of the prison mailbox rule, in which case the filing date is deemed to be the date the prisoner placed the document in the prison mailing system. However, to obtain the benefit of the prison mailbox rule, the prisoner mandatorily must comply with the requirements of the rule. *United States v. Smith,* 182 F.3d 733, 734 n. 1 (10th Cir.1999).

For purposes of § 2255 proceedings, the prison mailbox rule is set out in rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 3(d) states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (emphasis added).

Rule 3(d) provides that, for prisoners, timely filing through use of a prison mail system may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. Even if the prisoner actually uses the prison's mail system and pays the postage, that use of the system will not trigger the mailbox rule if the mandatory declaration requirements of rule 3(d) are not satisfied.  Instead, if the declaration does not meet the requirements of the rule, the date of receipt by the court is the controlling filing date. *See, e.g., Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004); *Smith,* 182 F.3d at 734 n. 1.

Alvarez's Motion does not include the certification required by rule 3(d) and has a handwritten notation that it is submitted "THIS 08 DAY OF 08, 2016."  The § 2255 Motion bears a consistent postmark of August 8, 2016.  (CV Doc. 1 at 2; CR Doc. 101 at 2). Alvarez's Motion was accompanied by his Motion and Request for Appointment of Counsel.  (CV Doc. 2; CR Doc. 102).  The Motion for appointment of counsel does include a certificate of service under penalty of perjury, but consistent with the handwritten notation on his § 2255 Motion that certificate indicates it was placed in the FCI Victorville prison mail system on "this 08 day of 08, 2016."  (CV Doc. 2 at 2; Cr Doc. 102 at 2).  Alvarez's claim that he gave the § 2255 Motion to prison officials on June 26, 2016 is not made under penalty of perjury and is inconsistent with the actual record in this case.  Alvarez is not entitled to the benefit of the prisoner mailbox rule, and his Motion is untimely unless there are grounds for equitable tolling. *Price v. Philpot,* 420 F.3d at 1165-67; *United States v. Ceballos–Martinez,* 387 F.3d at 1143-46; *Smith,* 182 F.3d at

734 n. 1.

The statute of limitations is subject to equitable tolling, but equitable tolling is restricted to rare and exceptional circumstances. To be entitled to equitable tolling, a defendant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). An inmate bears a heavy burden to show specific facts to support her claim of extraordinary circumstances and due diligence. *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). *See also, Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998); *United States v. Martinez,* 303 F.App'x 590, 596 (10th Cir. 2008). Further, circuit precedent is clear that courts should use equitable tolling sparingly. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). The Tenth Circuit has consistently found equitable tolling not appropriate absent truly extraordinary circumstances. *See Garza v. Kansas,* 449 F.App'x 734 (10th Cir.2011) (equitable tolling inappropriate where defendant made reference to his medical history but otherwise did not explain his multiple-year delay in seeking federal relief); *United States v. Buckaloo,* 257 F.App'x 88, 89–90 (10th Cir. 2007).

In his Response, Alvarez also claims that:

> "this Court's Clerk along with the Judge held the motion for a period of days for screening procedures. Therefore Petitioner asserts that he should not and could not be held accountable for the Clerk and Judge's delay in filing the petition in a timely manner."

(CV Doc. 6 at 3; CR Doc. 108 at 3).   The Court dockets filings when they are received by the Court, not after the Court has screened the filings. *See* Fed.R.Civ.P. 5(d)(2); Fed.R.Crim.P. 49(d).   Alvarez's § 2255 Motion was deemed filed on the date it was received by this Court. Further, even if the Court had waited until after screening to docket a filing, there is no evidence to support that Alvarez's 2255 motion was even mailed to the Court prior to the filing deadline.

5

Alvarez makes no showing that the Court's actions or other circumstances prevented him from filing within the one-year limitation period.  *See Lawrence v. Florida,* 549 U.S. at 336.

Alvarez's response does not establish entitlement to equitable tolling of the one-year time period and his motion is time-barred by the statute of limitations of 28 U.S.C. § 2255(f).  The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Alvarez has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Mario Alvarez's Abridged Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 in Light of Johnson v. United States, 135 Ct. 2251 (2015) (CV Doc. 1, CR Doc. 101) is **DISMISSED** as untimely, Alvarez's Motion and Request for Appointment of Counsel (CV Doc. 2; Cr. Doc. 102) is **DENIED** as moot, and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE